UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL WELCH,<br><br>　　　Plaintiff,<br><br>v.<br><br>THOMAS WHITE; LABORERS LOCAL UNION 872,<br><br>　　　Defendants. | Case No. 2:15-cv-00940-LDG-PAL<br><br><br>ORDER |

　　　On December 14, 2015, Defendants, THOMAS WHITE; LABORERS LOCAL UNION 872 (collectively "Local 872"), filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 12. Local 872 challenges whether the complaint or amended complaint of Plaintiff Michael Welch states "a claim upon which relief can be granted."

　　　In ruling upon this motion, the court is guided by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly*, 550 U.S. at 555, *Landers*, 771 F.3d at 642.  In deciding whether the factual allegations state a claim, the court accepts those allegations as true. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

When a plaintiff proceeds *pro se*, the complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *Ward v. Ryan*, 623 F.3d 807, 810 n.4 (9th Cir. 2010).  In such a case, the court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

Duty of Fair Representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 169 (4th Cir. 1983).  Congress established a six-month statute of limitations for claims against unions for breach of the duty of fair representation, under Section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. 160(b).

A cause of action for a breach of duty of fair representation claim accrues when "the plaintiff knew, or should have known of the defendant's wrongdoing and can successfully maintain a suit." *Allen v. United Food and Commercial Workers International Union, et al.*, 43 F.3d 424, 427 (9th Cir. 1994). The NLRA section 10(b) limitations begin to run "when the employee discovers or in the exercise of reasonable diligence should have discovered the acts constituting the alleged violations." *Galindo v. Stoody Company*, 793 F.2d 1502, 1509 (9th Cir. 1986)**.**

Here,  Welch's claims are time-barred.  Welch alleged bias, prejudice, discrimination, and negligence.  Each of his causes of action are premised on the same general allegation that his

disability pension claim was denied. Thus, they appear to be a claim for the breach of the duty of fair representation.

Welch's claim accrued "[i]n or around February 2009, [when he] requested union representation and was denied for the third time . . ." Dkt. No. 7 at 9. That is when he knew or should have known of the alleged wrongdoing. Thus, with the six-month statute of limitations, Welch had until no later than August 2009 to file his complaint with the Court.

Welch filed the EEOC charge in or around February of 2015. The EEOC issued a closing letter on February 26, 2015. The EEOC denied Welch's charge because he filed with the EEOC too late. Welch filed the instant amended court complaint on October 1, 2015 (Dkt. No. 7) and the original a week later (Dkt. No. 5). This was more than six years after August 2009. These dates far exceed the 90 days after the EEOC issued its closing letter on February 26, 2015. Dkt. No. 7 at 7. Thus, Welch's claim is barred by the statute of limitations and fails as a matter of law.

Even examining Welch's complaint in a light most favorable to Welch, as the non-moving party, and holding his filings to a less-stringent standard as a *pro se* litigant, his claims remain time-barred. No amendment could remedy the temporal defects of either of Welch's complaints (Dkt. No. 7 and 5).

Accordingly, THE COURT ORDERS that Local 872's Motion to Dismiss (Dkt. No. 12) is GRANTED and Welch's complaint and amended complaint are DISMISSED with prejudice.

THE COURT FURTHER ORDERS that Welch's Motion for a New Hearing (Dkt. No. 23) is hereby rendered moot, and it is therefore denied and dismissed.

DATED this 23 day of September, 2016.

_____
Lloyd D. George
United States District Judge

3